## Commonwealth v. Lingle, Appellant.

Submitted December 18, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James R. Koller,* for appellant.

*James L. Atkins,* District Attorney, for appellee.

PER CURIAM, January 31, 1936:

The defendant was indicted for 'statutory' rape. He pleaded 'not guilty' and went to trial. The jury disagreed. When the case came up for trial the second time, the defendant moved to quash the indictment, because the information, on which it was founded, failed to state that the offense had been committed in Lebanon County.

The indictment charged that the crime had been committed in Lebanon County, and all the evidence on the first trial, with respect to the commission of the

crime, fixed Lebanon County as the scene of the offense.

The court below refused to quash the indictment and the case went to trial. Again the evidence supporting the charge fixed Lebanon County as the place where the offense had been committed.

The defendant was convicted. He made a motion in arrest of judgment based solely on the fact that the information failed to state that the offense had been committed in Lebanon County. The court below refused the motion and sentenced the defendant. The defendant has appealed.

The action of the court below was right. By his plea and going to trial defendant waived any defects of form in the indictment or the proceedings prior to the indictment: Com. v. Schoen, 25 Pa. Superior Ct. 211, 213; and this waiver was effective as to all subsequent trials. The disagreement of the jury on the first trial, which necessitated a second trial, did not require a new plea. Having once entered a plea he could not thereafter object to formal defects in the indictment or the prior proceedings.

While section 11 of the Act of March 31, 1860, P. L. 427, relates only to formal defects in the indictment, the salutary and sensible rule there established has been applied with equal force to defects in the proceedings prior to indictment, which should be raised by motion to discharge before indictment found: Com. v. Brennan, 193 Pa. 567, 44 A. 498; Com. v. Keegan, 70 Pa. Superior Ct. 436, 438; Com. v. Dingman, 26 Pa. Superior Ct. 615, 619.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.