Commonwealth *v.* DeBellis, Appellant.

Submitted October 7, 1960.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Hymen Schwartz*, for appellant.

*Ward F. Clark*, Assistant District Attorney, with
him *Paul R. Beckert*, District Attorney, for Common-
wealth, appellee.

OPINION BY MR. JUSTICE COHEN, November 15, 1960:

The appellant, Felix DeBellis, was convicted by a jury on the first count of a bill of indictment charging him with violations of subsection (b) of Article III, §349 of "The Insurance Company Law of 1921," Act of May 17, 1921, P.L. 682, 40 PS §474,[1] and a bill of indictment charging him with conspiracy, together with two other persons, to cheat and defraud an insurance company. Appellant was given the minimum sentence under the statute, six months in jail and a fine of $100. On appeal to the Superior Court the judgment of guilt was affirmed after which we allowed his petition for appeal to our Court.

The facts can be summarized as follows: The appellant held an insurance policy, which, inter alia, provided for coverage for personal property which might be stolen from insured's car. Appellant either arranged or used the instance of a genuine car burglary to submit a proof of loss under the policy setting forth that property worth $1,607.85 was stolen from his automobile. In response to a demand by the insurance

---

[1] "(a) Any person who is knowingly concerned in, or who, for profit, gain, benefit, favor, or otherwise, makes any false oral statement, misrepresents, substitutes persons or realty or goods, subscribes to or prepares, or helps to prepare, any fraudulent letter, document, application, affidavit, inventory, financial or other statement, or in any method or manner attempts to deceive, for the purpose of obtaining for himself, herself, or others, any of the classes of insurance provided for by this act; and (b) Any person knowingly concerned for profit, gain, benefit, favor, or otherwise, in preparing or forwarding any fraudulent application, affidavit, proof of loss, or claim, or attempting to collect or collecting any wholly or partly fraudulent claim or money demand from any insurance company, association, or exchange, lawfully transacting business within this Commonwealth, whether any policy or agreement of insurance was lawfully procured or procured by fraud,—shall be guilty of a misdemeanor. . . ."

company for receipted bills covering the various allegedly stolen items, appellant procured a bill of sale from a neighbor for a pen and pencil writing set (valued at $33.00), and an electric razor (valued at $33.50), although in fact appellant had not purchased either of the two items. A review of appellant's own testimony at the trial reveals that his claims of value on many other items, all unsupported by receipts, were somewhat dubious.

The indictment was brought solely under the (b) subsection of Section 349 of The Insurance Company Law of 1921, supra, which prohibits fraudulent claims. Appellant contends that under a proper construction of Section 349, the statutory crime outlined therein required that both subsection (a) which prohibits the fraudulent procurement of insurance, and subsection (b) be violated in order to maintain a prosecution thereunder. We examined the article quite carefully and find that nothing can be more clear than that each subsection outlines a distinct and separate crime. While it may be true that this section is badly written, its wordiness has nothing to do with appellant's objections and we have no doubt as to its meaning.

Appellant further contends that the language of the indictment is not in conformity with this section. A reading reveals there is substantial compliance, and since the form of the indictment was not subjected to criticism or objection in the course of the trial, any minor or nonmaterial defects are waived. *Commonwealth v. Heintz,* 182 Pa. Superior Ct. 331, 126 A. 2d 498 (1956); *Commonwealth ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163 (1956), *Commonwealth v. Lingle,* 120 Pa. Superior Ct. 434, 182 Atl. 802 (1936).

The remainder of appellant's contentions suggest the grant of a new trial in the interest of justice be-

cause of incidents that occurred during the trial. We do not find that any situations occurred that would warrant the grant of a new trial.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.