428 A.2d 614

**COMMONWEALTH of Pennsylvania, Appellant at No. 912,**

v.

**Vernard EACKLES, a/k/a Vernard Echols, Appellant at No. 1092.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 10, 1981.

Kathryn L. Simpson, Assistant District Attorney, Pittsburgh, for appellant in No. 912 and appellee in No. 1092.

John H. Corbett, Jr., Pittsburgh, for appellant in No. 1092 and appellee in No. 912.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Vernard Eackles, a/k/a Vernard Echols, was found guilty of thirty-eight counts of forgery,[1] thirty-one counts of theft by unlawful taking,[2] and one count of conspiracy[3] arising

1.  18 Pa.C.S. § 4101(a)(3).

2.  18 Pa.C.S. § 3921(a).

3.  18 Pa.C.S. § 903(a)(1) and (2).

out of a scheme to defraud the Allegheny County Department of Manpower. Subsequently, the trial court arrested judgment on the convictions for theft by unlawful taking but imposed sentence on the remaining convictions. Eackles, hereinafter referred to as appellant, has appealed from the judgment of sentence. The Commonwealth has appealed from the order arresting judgment. We find no error and, therefore, will affirm the several actions of the learned trial court.

The Commonwealth's evidence showed that in the summer of 1975, appellant had been employed as assistant director of the House of Culture, a Manpower agency. With the complicity of another Manpower employee, Edgar Rakestraw, he prepared employment papers and time sheets for fictitious employees. Based on these false employment records, paychecks were written on an office checkwriting machine and were made payable to various named persons. The names of the payees were forged and appellant, with knowledge of the forged endorsements, was able to cash the checks by countersigning the same in accordance with written authority therefor prepared by Rakestraw. The currency received was then distributed among Rakestraw, appellant and others involved in the scheme.

Appellant was arrested at or about 12:56 o'clock, P.M., on November 30, 1977, and was arraigned approximately five and one-half hours thereafter at 5:30 o'clock, P.M. Following arraignment, appellant ate dinner and conferred with his girl friend for more than an hour. He was repeatedly advised of his *Miranda* rights to remain silent, and said that he understood those rights. Nevertheless, at 9:00 o'clock, P.M., he indicated a willingness to make a statement. That statement was made and typed between 10:00 o'clock, P.M., and 5:45 o'clock, A.M., the following morning. During this period, appellant frequently took breaks to use the rest room or to get a soft drink or glass of water. In response to questions regarding his physical condition, appellant assured interrogating officers that he was "fine". Observers testified that he appeared relaxed and self-assured. He was 24

years of age, in good physical condition, and a former college student. He indicated on several occasions that he did not need an attorney.

■■■ Appellant moved pre-trial to suppress his statement on the grounds that it had not been made voluntarily. After hearing, the court found the statement to be voluntary and refused to suppress it.[4] Having reviewed the evidence elicited on this issue, it seems clear that the facts support the trial court's conclusion that appellant's statement was voluntarily made. It is axiomatic, of course, that a confession to be valid must be given free of physical or psychological coercion which might interfere with one's will to resist. *Commonwealth v. Cunningham*, 471 Pa. 577, 582, 370 A.2d 1172, 1175 (1977). The test of voluntariness is whether the confession was the product of an essentially free and unconstrained choice by its maker. *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037, 1057 (1961). In determining the voluntariness of a statement, the totality of the circumstances must be considered. *Commonwealth v. Starkes*, 461 Pa. 178, 184, 335 A.2d 698, 701 (1975). More specifically, there must be considered the age of the accused; his education level; his intelligence; his physical state; the duration and method of interrogation; the conditions of detention; the advice given to him concerning his constitutional rights; and any other circumstances pertinent to the inquiry.

■■ When the totality of the circumstances is considered in the instant case, the voluntariness of appellant's statement becomes apparent. He was a healthy, 24-year-old former college student, and there were no unusual circumstances or undue delay which preceded his decision to give a statement. That statement was not rendered involuntary merely because it took longer than usual to complete the statement and reduce it to writing. During this period, there was neither physical nor psychological coercion exercised, and appellant remained alert and registered no com-

4. The issue of the voluntariness of appellant's statement was also submitted to the trial jury.

plaint that he was fatigued. He was, moreover, permitted to interrupt the questioning as and when he desired. Appellant's statement, therefore, was properly received as evidence against him at trial.

■ Appellant argues also that the trial judge improperly denied his motion for a two months' delay in the commencement of trial. There is no merit in this argument. "It is black-letter law that an appellate court may not reverse a trial court's denial of a continuance without a palpable and prejudicial abuse of discretion." *Commonwealth v. Kishbach*, 247 Pa.Super. 557, 561, 373 A.2d 118, 120 (1976). See also: *Commonwealth v. Howard*, 466 Pa. 445, 447, 353 A.2d 438, 439 (1976).

Appellant contends that prejudice occurred because his counsel had insufficient time to prepare an adequate defense. Appellant was arrested on November 30, 1977; preliminary hearings were held on December 8 and December 22, 1977; and appellant was arraigned on December 23, 1977. Pre-trial hearings commenced on January 16, 1978, were completed on January 19, 1978, and jury selection commenced on January 24, 1978. Thus, counsel had a period of fifty-five days within which to prepare for trial. We perceive no valid reason for holding such preparation time inadequate per se. Compare: *Commonwealth v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975); *Commonwealth ex rel. Bronzell v. Myers*, 205 Pa.Super. 375, 208 A.2d 871 (1965). Significantly, appellant has failed to specify in what manner he was unable to prepare his defense or what he could have done by way of preparation if given more time. In the absence of a showing of prejudice, therefore, we perceive no abuse of discretion and decline to reverse the trial court's denial of the defense motion for continuance. See: *U. S. v. Weathers*, 431 F.2d 1258 (3rd Cir. 1970).

■ Appellant next argues that he should have been permitted the wider pre-trial discovery allowed by Pa.R.Crim.P. 305. In this he is clearly in error. Rule 305, which is a revision of the former Rule 310, was made "effective as to

cases in which the indictment or information is filed on or after Jan. 1, 1978." In the instant case, the information was filed prior to January 1, 1978, and Rule 305, therefore, was inapplicable. Because the date of filing the information was controlling and not the date of trial, the scope of discovery available to appellant could not properly have been enlarged by granting his motion for a delay in the commencement of trial.

Finally, appellant argues that the trial judge erroneously received certain rebuttal evidence offered by the Commonwealth. The evidence complained of was elicited from the custodian of records at appellant's bank. This witness testified that appellant had made several large cash deposits to his checking account and had opened his safe deposit box during the period in which the alleged peculations occurred. We have said that the admissibility of rebuttal evidence is within the discretion of the trial judge. *Commonwealth v. Haddle,* 271 Pa.Super. 418, 413 A.2d 735 (1979); *Commonwealth v. Hodge,* 270 Pa.Super. 232, 411 A.2d 503 (1979). Further, even if evidence would more appropriately have been presented during the Commonwealth's case in chief, it is not necessarily error to permit it to be received on rebuttal. *Commonwealth v. Hickman,* 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. Bolden,* 268 Pa.Super. 431, 408 A.2d 864 (1979). The evidence here, although admissible as circumstantial evidence during the Commonwealth's case in chief, was relevant on rebuttal to refute the defense contention that appellant had not profited personally from the scheme to defraud Manpower. See: *Commonwealth v. Halleron,* 163 Pa.Super. 583, 63 A.2d 140 (1949). Appellant contends that he was surprised by this rebuttal evidence and that he was denied sufficient time to investigate and meet it. The record shows, however, that counsel was granted a recess for that very purpose and that after conferring with appellant regarding these deposits, counsel requested no further time to investigate. He also offered no evidence. We find no abuse of discretion in the trial judge's allowance of this rebuttal evidence.

The most difficult issue which we are called upon to decide is the statute of limitations issue raised by the Commonwealth's appeal from the arrest of judgment on the convictions for theft by unlawful taking. Initially, it must be observed that the period of limitation within which a prosecution for forgery may be brought is five years. A prosecution for theft, however, must be commenced within two years after it has been committed. 18 Pa.C.S. § 108(b). An exception to these limitations has been created by Section 108(c)(1) as follows:

If the period prescribed in subsection (b) of this section has expired, a prosecution may nevertheless be commenced for:

(1) any offense a material element of which is . . . fraud . . . within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

Appellant was charged with theft by taking or exercising unlawful control over checks belonging to Allegheny County. The offense charged was recited to be a violation of Section 3921(a) of the Crimes Code of December 6, 1972, 18 Pa.C.S. § 3921(a), which provides: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

Is fraud a material element of the offense of theft by unlawful taking? Fraud is characterized by a false representation of a material matter made with knowledge of its falsity and with the intent to deceive. *Commonwealth v. DeBellis*, 20 D. & C.2d 153 (C.P. Bucks 1959), affd., 191 Pa.Super. 561, 159 A.2d 765 (1960), affd., 401 Pa. 552, 165 A.2d 77 (1960). In determining whether this is a "material element" of the crime of theft by unlawful taking, we find assistance in the definitional section of the Crimes Code at 18 Pa.C.S. § 103. "Material element of an offense" is there

defined as: "An element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other matter similarly unconnected with: (1) the harm or evil incident to conduct, sought to be prevented by the law defining the offense; or (2) the existence of a justification or excuse for such conduct." As relevant to this case, therefore, if fraud is to be a material element of the offense charged, it would be necessary that it have some connection with the harm or evil sought to be prevented. The harm sought to be prevented by the language making theft a crime is clearly the unlawful taking of another's property. To convict of theft by unlawful taking, the Commonwealth is not required to prove that the taking was accompanied by fraud in the legal sense. Compare: *Commonwealth v. Mutnik*, 486 Pa. 428, 406 A.2d 516 (1979). Neither is fraud the harm or evil sought to be prevented by the language making theft by unlawful taking a crime. We conclude, therefore, that fraud is not a material element of the crime of theft by unlawful taking.

When the legislature enacted the period of limitations within which to commence prosecution, the assumption was that offenses such as theft by unlawful taking were discoverable by the victim within a reasonable time thereafter. The same assumption could not be made where fraud was inherent in the offense and rendered discovery more difficult. Thus, the exception of Section 108(c)(1) was created.

When the Commonwealth seeks to toll the statute under this section, it must allege the exception in the information or otherwise apprise defendant within a reasonable time that it intends to toll the statute of limitations. *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980). In this way the defendant will be apprised "that he must defend not only against the crime itself, but also against the limitation of prosecution." *Commonwealth v. Bidner*, 282 Pa.Super. 100, 114, 422 A.2d 847, 854 (1980); *Commonwealth v. Cody*, 191 Pa.Super. 354, 358–59, 156 A.2d 620, 622–23 (1959). See also: *Commonwealth v. Creamer*, 236 Pa.Super. 168, 345 A.2d 212 (1975). The information in

the instant case did not allege that the theft by unlawful taking with which appellant was charged was accompanied by fraud or that fraud was a material element thereof. The information did recite, as the Commonwealth asserts, that the Commonwealth was relying on Section 108(c)(1) to obviate the problems otherwise inherent in its failure to commence prosecution within two years after the offense had been committed. This was a general averment, however, and did not specifically allege fraud to be a material part of the theft offense with which appellant had been charged.

The Commonwealth's further argument is premised upon the avowed intention of the Crimes Code to eliminate the technical distinctions between the various theft offenses recognized by the common law and embrace within the crime of "theft" all those offenses previously known as larceny, fraudulent conversion, false pretenses, extortion, blackmail and receiving stolen property. Thus, in Section 3902 of the Crimes Code, the legislature consolidated theft offenses and provided: "An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification in a different manner in the complaint or indictment . . . ." From this, the Commonwealth contends that irrespective of the theft offense described in the information its evidence showed a theft in which fraud rendered discovery difficult. Having proven fraud, the Commonwealth argues, the statute of limitations was tolled. We reject this argument. If the Commonwealth intended to prove a crime in which fraud was a material element so as to toll the statute of limitations, it was required to allege that offense in the information. Fraud was not a material element of theft by unlawful taking and proof thereof was not essential to a conviction. Moreover, the fraud which the Commonwealth proved was only material to and a necessary ingredient of the crime of forgery. Although appellant may have been guilty of fraudulent conduct as a part of the scheme by which checks were forged, the theft of the checks was complete without proof that fraud was a necessary element thereof.

We agree with the Commonwealth that the effect of Section 3902 of the Crimes Code upon Section 108(c)(1) thereof is less than clear and that ambiguities, therefore, exist. However, to hold, as the Commonwealth urges, that Section 3902 of the Crimes Code provides a sufficient nexus to make fraud a material element of all theft offenses would require that we ignore not only the clear language of Section 108(c)(1) but also substantive distinctions between crimes of theft which the legislature preserved in 18 Pa.C.S. §§ 3921 to 3929. A broad interpretation of Sections 3902 and 108(c)(1) which would create an additional exception not specified in the statute is neither necessary nor wise.

We cannot ignore the letter of the statute of limitations under the guise of enforcing the vaguely defined spirit thereof which the Commonwealth advocates. We hold, therefore, that prosecutions for theft by unlawful taking must be commenced within two years after the offense has been committed.

The order arresting judgment on the convictions for theft by unlawful taking and the judgment of sentence imposed for convictions of forgery and conspiracy are affirmed.