## Commonwealth v. Silfies

*Nicholas Englesson,* for Commonwealth.
*Sandor Engel,* for defendant.

FREEDBERG, *J.*, February 7, 1984—This matter is before the court upon defendant's omnibus pretrial motion seeking to have an information quashed or, alternatively, an order dismissing charges based upon an alleged violation of the applicable statute of limitations. There appears to be no factual dispute as to the statute of limitations issue and, thus, the parties have opted to have the court determine the issue in this proceeding rather than at trial. See Commonwealth v. Hawkins, 295 Pa. Super. 429, 441 A.2d 1308 (1982).

The information pending against defendant charges as follows:

"The district attorney of Northampton County by this information charges that on (or about) August 25, 1980, in said County of Northampton, WILLARD RAYMOND SILFIES

*THEFT BY DECEPTION* — defendant intentionally obtained and withheld the property of another by creating a false impression as to law, value, intention, or other state of mind, to wit: defendant did report his 1976 International Truck Tractor stolen to Lehigh Township police on or about August 25, 1980 and on or about November 3, 1980 he did collect $18,587.50 from Penn America Insurance Company, when in fact his truck was never stolen.

*FALSE REPORTS TO LAW ENFORCEMENT AUTHORITIES* — said defendant did report to the Lehigh Township Police Department that his 1976 International Truck Tractor had been stolen, when said defendant knew that the truck had not been stolen,

*CRIMINAL CONSPIRACY* — with the intent of promoting or facilitating the commission of a crime, unlawfully did agree with Krotzer and Jones, that they or one of them would commit said crime or attempt to commit said crime of Theft by Deception,

and did an overt act in furtherance of said crime, to wit: they did perform the aforementioned acts."

The complaint charging defendant was issued on September 26, 1983, upon application of a Pennsylvania State trooper.

Defendant contends that the prosecution is barred by the general two-year statute of limitations, 42 Pa.C.S. §5552(a). The Commonwealth argues that an exception found in subsection c of 42 Pa.C.S. §5552 controls. That exception is as follows:

"If the period prescribed in subsection (a) . . . has expired, a prosecution may nevertheless be commenced for:

(1) any offense a material element of which is . . . fraud . . . within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years."

The Pennsylvania State police prosecutor testified that on August 25, 1980, defendant reported that his truck had been stolen. On November 3, 1980, he received insurance proceeds. On June 11, 1982, a confidential informant told the state police that the report of the stolen vehicle was fraudulent; however, the informant refused to testify. The next development in the case occurred on September 28, 1982 when the state police arrested Henry Krotzer on an unrelated charge. During an interview, Krotzer admitted that he had been the middle man in the Silfies transaction which involved the false report of the theft of the vehicle and disposition of the vehicle by disassembling it and selling the parts. On October 12, 1982, the state police investigator interviewed defendant who admitted that he was involved in an insurance fraud scheme in this matter.

Without explanation, no further action was taken by the state police until the instant charges were filed on September 26, 1983.

Preliminarily, defendant contends that the Commonwealth is precluded from asserting an extension of the limitations because it has not averred the basis of the extension in the information. Whenever the Commonwealth seeks to toll the statute of limitations the prosecution is required to allege the exception in the information. Commonwealth v. Bender, 251 Pa. Super. 454, 380 A.2d 868 (1977). The purpose of the rule is "to apprise the defendant that he must defend not only against the crime itself, but also against limitation of prosecution." Commonwealth v. Cody, 191 Pa. Super. 354, 156 A.2d 620 (1959); Commonwealth v. Craemer, 236 Pa. Super. 168, 345 A.2d 212 (1975). The information in the instant case satisfies this requirement for it contains averments that defendant created a false impression by falsely reporting that his truck had been stolen when it had not been. Fraud is a material element of the offense of theft by deception. Commonwealth v. Volk, 298 Pa. Super. 294, 444 A.2d 1182 (1982). Fraud is characterized by a false representation of a material matter made with knowledge of its falsity and with the intent to deceive. Commonwealth v. Eackles, 286 Pa. Super. 146, 428 A.2d 614 (1981). Because the information contains an averment of fraud, defendant is on notice that the Commonwealth is contending that the exemption for offenses involving fraud applies to the instant case. Commonwealth v. Bidner, 282 Pa. Super. 100, 422 A.2d 847 (1980). See also Commonwealth v. Eackles, supra. Thus, we find that the Commonwealth provided notice of its basis for claim of exemption in the information.

The interesting issue presented by this case is when "discovery of the offense" occurred by the police. The Commonwealth has the burden of proving that the discovery of the alleged offense took place within the year prior to the filing of charges. Commonwealth v. Hawkins, 439 A.2d 748 supra. Defendant contends that the offense was discovered on June 11, 1982, when the confidential informant told the police officer that the claim for the truck was fraudulent; thus, the one year expired on June 12, 1983, more than three months prior to commencement of the prosecution on September 26, 1983.

In Commonwealth v. Hawkins, 439 A.2d 748, the Superior Court dealt with this issue as follows at 750:

"We are now faced with defining the term 'discovery of the offense", as set forth in 18 Pa.C.S. §108(c)(1). We have found no Pennsylvania case that has yet defined this term.

"Discovery" has been defined as:

"In a general sense, the ascertainment of that which was previously unknown; the disclosure or coming to light of what was previously hidden; the acquisition of notice or knowledge of given acts or facts; as, in regard to the 'discovery' of fraud affecting the running of the statute of limitations, or the granting of a new trial for newly 'discovered' evidence." Black's Law Dictionary (5th Ed. 1979).

"Discovery of the offense has also been defined as 'gaining knowledge of or finding out that a penal statute has been violated'. People v. McGreal, 4 Ill. App. 3d 312, 321, 278 N.E. 2d 504, 510 (App. Ct. 1971). The Supreme Court of Kansas has stated that (in a civil case) discovery of the fraud "[i]mplies knowledge, and is not satisfied by mere suspicion of wrong. The suspicion may be such as to call for fur-

ther investigation, but is not of itself a discovery.' Migenback v Migenback, 176 Kan. 471 478, 271 P.2d 782, 787 (1954), quoting Marbourg v. McCormick, 23 Kan. 38, 43 (1879). See also State v. Civella, 368 S.W. 2d 444, 451 (Mo. 1963)."

We reject the contention that the information supplied by the confidential informant was sufficient to constitute "discovery of the offense." At most, that information engendered suspicion such as to call for further investigation. In so holding, we note that there is nothing in the record to suggest that either the confidential informant or his information was reliable. Certainly, the information in the possession of the police in June, 1982, would not have been sufficient to constitute probable cause. See Illinois v. Gates, 462 U.S. 213, 76 L.Ed. 2d 527, 103 Supreme Ct. 2317 (1983). Rehden _____ U.S., 77 L.Ed. 2d 1453, 104 S.Ct. 33 (1983). Rather, we believe that the first time the police had basis for crediting the informant's information that a crime had been committed occurred when Krotzer, the accomplice, made a declaration against his own penal interest in acknowledging his participation in the fraudulent scheme. The declaration against penal interest served as a basis for corroborating what up to that time constituted no more than gossip or rumor. Thus, we hold that the Commonwealth discovered the offense at the time of Krotzer's statement on September 28, 1982, and that the complaint filed September 26, 1983, was timely.

As noted, fraud is a material element of theft by deception. Commonwealth v. Volk, supra. Obviously, it is a material element of the offense of false report to law enforcement authorities. 18 Pa.C.S. §4906. Likewise, we believe that under the facts of the instant case it is a material element of the

charge of criminal conspiracy to commit theft by deception. The information avers that the overt act in furtherance of the conspiracy was the false report of the theft of the vehicle as a basis for obtaining the insurance proceeds. It is necessary for an overt act to have been done in pursuance of a conspiracy before a party can be convicted of the crime. 18 Pa.C.S. §903(e). In Interest of Gonzalez, 255 Pa. Super. 217, 386 A.2d 586 (1978). As such it is included in the description of the forbidden conduct in the definition of conspiracy and establishes the required kind of culpability. See 18 Pa.C.S. §103, "Material element of an offense" and "Element of an offense."

Wherefore, we enter the following

### ORDER OF COURT

And now, this February 7, 1984, defendant's motion that the information be quashed or the charges dismissed for violation of the statute of limitations is denied.