STATE of Iowa, Appellant,

v.

Keith Allen WILSON and Evelyn Louise Wilson, Appellees.

No. 97–639.

Supreme Court of Iowa.

Jan. 21, 1998.

---

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Mary E. Richards, County Attorney, and Angelina Smith, Assistant County Attorney, for appellant.

Joseph R. Cahill of the Cahill Law Offices, Nevada, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

On January 29, 1996, the State charged the defendants, Keith Allen Wilson and Evelyn Louise Wilson, his wife, with theft by taking and theft by deception for an event the State alleged occurred "on or about the months of April through October, 1992." *See* Iowa Code § 714.1(1) (theft by taking), 714.1(3) (theft by deception) (1991). The Wilsons moved to dismiss the charges as untimely under Iowa's three-year statute of limitations for criminal actions. *See id.* § 802.3(1). The State resisted and filed a motion to amend, alleging the one-year extension under Iowa Code section 802.5 for crimes of fraud saved the prosecution. The district court granted the Wilsons' motion and dismissed the pro-

section. The State appealed. We affirm in part, reverse in part, and remand.

## I.  *The District Court's Ruling.*

The district court took evidence on the Wilsons' motion to dismiss. In its ruling the court noted that "[t]he essence of the charge is that [the Wilsons] staged a burglary at [their] home and then fraudulently collected monies from [their] household insurance carrier for the reported losses."

At the hearing, the court heard testimony from the claims adjuster who handled the Wilsons' claim and deputy Story County Sheriff Gerry Bearden, the officer who investigated the case. Based on this testimony, the court found a number of facts, which it characterized as undisputed. What follows is a summary of those facts.

The Wilsons claimed their Story County home was burglarized on April 16, 1992. Bearden investigated the burglary shortly thereafter. The Wilsons filed a claim for their alleged losses with their insurer, Farm Bureau Insurance Company.

Both the insurance company and Bearden were suspicious. Tire tracks found near the residence appeared to have been made by the Wilsons' family van. A neighbor saw the van in the vicinity of the Wilsons' residence near Colo, Iowa, at the time Mrs. Wilson had reported being in Ames. The break-in occurred in the middle of the day, but no one saw the crime. A small truck would have been needed to haul away the large booty; none were seen. Bearden thought it suspicious that the burglar broke a glass door to enter the home, but no glass fragments or footprints were found inside the home. There were further suspicions when the Wilsons made inconsistent reports about firearms stolen during the burglary. The number of stolen items grew as the Wilsons filled out more paperwork. Bearden saw at least one item in the home that the Wilsons claimed was stolen.

Bearden and the insurance company found this information perplexing but not indicative of the Wilsons' guilt. Thus, the company sent the Wilsons a check on October 5, 1992, which they cashed on October 9, 1992. Bear-den placed the investigation on inactive status.

Matters changed on September 26 and 29, 1995, when the Wilsons' son, Ryan, told Bearden his parents had staged the burglary to pay for a new front door. The Wilsons' daughter, Sonja, confirmed the plot on October 6, 1995.

The police obtained a search warrant for the Wilsons' property on December 15, 1995 and found some of the property that had been reported stolen in 1992.

The State filed the theft charges against the Wilsons on January 29, 1996.

The district court found that the crime of theft by taking was committed no later than October 9, 1992, the date the Wilsons cashed the insurance check, and prosecution was therefore barred by the three-year statute of limitations in section 802.3(1).

The court also found that fraud is a material element of theft by deception; therefore, section 802.5 had to be considered. Section 802.5 extends the three-year statute of limitations by one year for crimes of fraud where the prosecution is commenced within one year after the discovery of the offense. The court interpreted section 802.5 to mean that it applies only to crimes of fraud discovered *after* expiration of the initial three-year limitations period. The court found that the State had discovered the Wilsons' alleged theft before the expiration of the three-year limitations period in section 802.3(1). For that reason, the court concluded, section 802.5 was not applicable and did not extend the statute of limitations. The court granted the motion to dismiss and the State appealed.

## II.  *The Issues.*

We consider three of the State's assignments of error. First, the State asserts fraud is a material element of both theft offenses. For that reason, the State insists the section 802.5 extension applies to both offenses. The district court ruled otherwise as to the theft by taking offense. The State contends this ruling was erroneous.

Second, the State asserts the section 802.5 extension applies regardless of when the crime is discovered. The district court ruled

otherwise. The State contends this ruling was likewise erroneous.

Last, the State asserts discovery under section 802.5 does not occur until the victim or law enforcement is aware of both the loss and the crime associated with the loss. The State insists that, at the earliest, this was September 26, 1995, when Ryan Wilson first made revelations to Bearden. But, the State argues, the most logical point would be December 15, 1995, when the police searched the Wilsons' home pursuant to a search warrant and discovered some of the property allegedly stolen in 1992. Under either date, the State contends, the prosecution was commenced in time and the district court's ruling to the contrary was also erroneous.

■ A resolution of these issues calls for statutory interpretation. Because the proper meaning of a statute is a legal question, our review is at law. *State v. Hippler,* 545 N.W.2d 568, 570 (Iowa 1996).

■ A. *Preservation of error.* Before proceeding to the issues the State raises, we must first dispose of the Wilsons' claim that the State failed to preserve error because it did not secure a ruling on the motion to amend the trial information. The State did not allege the applicability of section 802.5 in the trial information. It did, however, move to amend the trial information to include section 802.5, and, in its resistance to the motion to dismiss, the State noted it had filed the motion to amend. In addition, the State argued the applicability of section 802.5 at the hearing on the motion to dismiss. Although the district court did not expressly rule on the motion to amend, the court considered the section 802.5 issue, and that sufficed to preserve error. *See State v. Martin,* 385 N.W.2d 549, 551–52 (Iowa 1986) (holding that error is preserved where issue raised on appeal is considered and ruled on by the district court).

■ B. *Applicability of the section 802.5 extension to theft by taking.* The district court ruled that the three-year statute of limitations applied to the theft by taking offense because the charge was filed more than three years after October 9, 1992. This was the date the insurance company paid the

Wilsons the claim. The court simply concluded the theft by taking offense was committed no later than October 9, 1992 and made no reference to the one-year extension in section 802.5. Implicit in the court's ruling is that section 802.5 does not apply because fraud is not an element of theft by taking.

Iowa Code section 802.5 provides in part:

> If the period prescribed in section 802.3 [statute of limitations for felonies and aggravated or serious misdemeanors] and 802.4 [statute of limitations for simple misdemeanors or ordinance violations] has expired, prosecution may nevertheless be commenced for any offense *a material element of which is … fraud …* within one year after discovery of the offense … but in no case shall this provision extend the period of limitations otherwise applicable by more than three years.

(Emphasis added.)

Pennsylvania has a statute identical in language to section 802.5. It also has a theft by taking statute very similar to ours. *Compare* 18 Pa. Cons.Stat. § 3921(a) ("A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."), *with* Iowa Code § 714.1(1) (a person commits theft when the person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof").

■ In *Commonwealth v. Eackles,* 286 Pa.Super. 146, 428 A.2d 614 (1981), the Pennsylvania Superior Court held that fraud is not a material element of theft by taking and therefore concluded its one-year extension statute did not apply to extend its two-year statute of limitations for a theft by taking. *Eackles,* 428 A.2d at 619. The court noted that "[f]raud is characterized by a false representation of a material matter made with knowledge of its falsity and with intent to deceive." *Id.,* at 618. The court reasoned that

> if fraud is to be a material element of the offense charged, it would be necessary that it have some connection with the harm or

evil sought to be prevented. The harm sought to be prevented by the language making theft a crime is clearly the unlawful taking of another's property. To convict of theft by unlawful taking, the Commonwealth is not required to prove that the taking was accompanied by fraud in the legal sense. Neither is fraud the harm or evil sought to be prevented by the language making theft by unlawful taking a crime. . . .

When the legislature enacted the period of limitations within which to commence prosecution, the assumption was that offenses such as theft by unlawful taking were discoverable by the victim within a reasonable time thereafter. The same assumption could not be made where fraud was inherent in the offense and rendered discovery more difficult. Thus, the exception of [the one-year extension for fraud crimes] was created.

*Id.* at 619 (citation omitted). We think the same reasoning applies to our one-year extension for fraud crimes, and we adopt it. We hold that fraud is not a material element of theft by taking. *See* Iowa Code § 714.1(1). For that reason, section 802.5 does not apply to this offense.

The statute of limitations for a felony is found in Iowa Code section 802.3(1):

In all cases, except [murder and sexual abuse of a minor], an indictment or information for a felony . . . shall be found within three years after its commission.

The trial information alleged that the theft by taking and theft by deception occurred on or about the months of April through October 1992. The information was filed on January 29, 1996, more than three years after October 1992. Thus, the district court correctly dismissed the theft by taking charge because it was time-barred by the three-year statute of limitations in section 802.3(1).

■ Neither party disputes the district court's conclusion that fraud is an element of theft by deception. Under the facts of this case, we have no quarrel with that ruling. *See id.* §§ 702.9(1), 714.1(3).

That brings us to the main issue in this case.

■ C. *Applicability of Iowa Code section 802.5.* As mentioned, the three-year period of limitations in section 802.3 may be extended as provided for in section 802.5:

If the period prescribed in section[ ] 802.3 . . . has expired, prosecution may nevertheless be commenced for any offense a material element of which is . . . fraud . . . within one year after discovery of the offense . . . but in no case shall this provision extend the period of limitation otherwise applicable by more than three years.

We have not had occasion to consider this statute before. The statute draws directly from the Model Penal Code. Model Penal Code and Commentaries § 1.06 at 91 n. 25 (1985).

Relying on the opening dependent clause— "If the period prescribed in section[ ] 802.3 has expired"—the district court reasoned that the legislature intended the extension in section 802.5 to apply only if the initial three-year period of limitations in section 802.3 had expired. Thus, the court considered the preposition "If" in the opening dependent clause of section 802.5 to be conditional. *See, e.g.,* Webster's Third New International Dictionary 1124 (1993) (providing that one meaning of "if" is "on condition that").

■ We have a different view of the word "If" in the opening dependent clause of section 802.5. Another meaning of the word "if" is "in the event that"—a nonconditional meaning. *Id.* We think the legislature used the word "If" in the opening dependent clause of section 802.5 to make clear that the extension would apply even though the three year statute of limitations had expired. This becomes more apparent when we consider the legislature used the word "nevertheless" in the main clause when talking about the commencement of prosecution. "Nevertheless" means "in spite of" or "notwithstanding." *Id.* at 1522. Thus, contrary to the district court, we think the gist of section 802.5 is this: In spite of the fact that the period of limitations in section 802.3 may have expired, prosecution may still be commenced. So we would read section 802.5 to mean that prosecution may commence de-

spite the expiration of the three-year 802.3 limitations period, as long as the prosecution is within one year after discovery of the offense.

As the State points out, the district court's interpretation of section 802.5 would not allow prosecution for a crime discovered on the last day of the three-year statute of limitations but would allow prosecution for the same crime discovered the very next day. We doubt the legislature intended such a result.

Missouri and Ohio also have statutes containing language virtually identical to the language of section 802.5. *See* Mo. Ann. Stat. § 556.036.3(1) (West 1979); Ohio Rev. Code Ann. § 2901(A), (B) (Banks–Baldwin 1997). Both states—like Iowa—drew language for their limitations extension statutes from the Model Penal Code. *See* Model Penal Code and Commentaries § 1.06 at 91 n. 25. Case authority in each state follows the interpretation we have given to section 802.5: prosecution may commence despite the expiration of the statute of limitations as long as the prosecution is commenced within one year after discovery of the offense. *See State v. Holland,* 781 S.W.2d 808, 811–12 (Mo.Ct.App.1989); *State v. Lester,* 111 Ohio App.3d 736, 676 N.E.2d 1270, 1271 (1996).

■ We conclude the district court erred when deciding that section 802.5 has no application when the fraud is discovered within three years of its commission.

■ D. *Date of discovery.* Applying a probable cause test, the district court found that the State discovered the fraud by at least September 29, 1995 (when Bearden interviewed the Wilsons' son), if not sooner. *See State v. Bumpus,* 459 N.W.2d 619, 624 (Iowa 1990) (holding that probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been committed and that the person arrested committed it). Thus, under the district court's interpretation, the section 802.5 extension would not apply because the fraud was discovered within the initial three-year statute of limitations, which the court held expired on October 9, 1995.

The district court made no finding about when the theft was discovered for the purposes of the one-year extension in section 802.5. We must therefore reverse and remand for a factual determination as to when the fraud was discovered for purposes of the section 802.5 extension.

To give the district court guidance concerning the factual determination on the discovery date, we proceed to consider what constitutes "discovery of the offense" for the purposes of extending the statute of limitations under section 802.5.

The State argues, and the Wilsons apparently agree, that defining discovery for purposes of section 802.5 as the point at which there is probable cause to believe the offense has been committed would provide district courts with a bright-line rule to measure the timeliness of criminal fraud actions. The Wilsons part company with the State by adding that we should impose a due or reasonable diligence requirement on the State, if it seeks to take advantage of section 802.5's one-year extension. Both parties want us to enunciate a discovery rule and to fix the date upon which the fraud was discovered and the limitations clock began to tick.

In civil cases, under the discovery rule, the statute of limitations begins to run when the injured party has actual or imputed knowledge of the facts that would support a cause of action. *Sparks v. Metalcraft,* 408 N.W.2d 347, 351 (Iowa 1987). However, it is not necessary that the injured party know these facts are actionable. *Id.* In addition, the injured party

is charged on the date of the accident with knowledge of what a reasonable investigation would have disclosed. The period of limitations is the outer time limit for making the investigation and bringing the action. The statute begins to run when the person gains knowledge of facts sufficient to put him on inquiry. On that date, he is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigator.

Moreover, once a person is aware a problem exists, he has a duty to investigate even though he may not have exact

knowledge of the nature of the problem that caused the injury.

*Id.* at 351–52 (citations omitted). Thus, the civil discovery exception to the statute of limitations incorporates an objective, due or reasonable diligence investigation requirement.

 We are satisfied that the discovery rule here should include a probable cause element and a due or reasonable diligence requirement. We therefore hold that "discovery" for purposes of section 802.5 occurs when the authorities know or should know in the exercise of reasonable diligence that there is probable cause to believe a criminal fraud has been committed. The probable cause requirement fits well with the language of section 802.5, which requires "discovery of the offense." The due or reasonable diligence requirement is in harmony with our civil discovery rule. It also promotes one of the purposes of a criminal statute of limitations: to discourage inefficient or dilatory law enforcement. *See State v. Young,* 2 Ohio App.3d 155, 440 N.E.2d 1379, 1381 (1981).

As mentioned, the trial information was filed on January 29, 1996. Under our interpretation of section 802.5, if the district court finds the fraud was or should have been discovered anytime before January 29, 1995, the one-year extension would not apply and the prosecution would be barred. On the other hand, a finding that the discovery did occur or should have occurred any time after January 29, 1995, would trigger 802.5 and save the prosecution.

III. *Disposition.*

In sum, we conclude the district court correctly determined that the one-year extension in Iowa Code section 802.5 does not apply to a theft by taking charge. Because the theft by taking charge was filed after the three-year statute of limitations had expired, the district court correctly dismissed the charge. We affirm on this issue.

The one-year extension in Iowa Code section 802.5 applies to a theft by deception charge. The district court erroneously concluded that the extension only applies when the discovery of the theft occurs after the initial three-year statute of limitations has expired. We reverse on that issue and remand for a factual determination of when the State discovered the theft for purposes of the one-year extension in section 802.5.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**