**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Nicholas S. RIDING, Appellee.**

Superior Court of Pennsylvania.

Argued April 9, 2013.

Filed June 11, 2013.

---

Grady J. Gervino, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Robert T. Lynch, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., BOWES, J., GANTMAN, J., PANELLA, J., SHOGAN, J., LAZARUS, J., MUNDY, J., and OTT, J.

OPINION BY OTT, J.

The Commonwealth appeals from the order, entered on August 20, 2010, in the Court of Common Pleas of Philadelphia County, dismissing the charge of providing false information while purchasing a firearm that had been lodged against the defendant, Nicholas S. Riding. The Commonwealth claims the trial court erred in determining the statute of limitations for the crime had expired prior to his arrest. Following a thorough review of the submissions by the parties, certified record, and relevant law, we reverse, reinstate the charge, and remand for trial.

We recite the following summary from the trial court's Pa.R.A.P. 1925(a) Opinion:

On February 6th, 2005, Nicholas Riding purchased a Taurus PT 132 handgun, serial number FVB–49757, from the Philadelphia Archery and Gun Shop.

Mr. Riding then sold the gun to a man named "Pugh." Pugh had promised Mr. Riding that, if Mr. Riding were to buy a gun for him, he would give Mr. Riding $200 and a bundle of heroin.

On the date of the purchase, the Statute of Limitations on 18 Pa.C.S. § 6111(g)(4), a straw purchase of a weapon, was as follows:

(a) General Rule.—Except as otherwise provided . . . a prosecution for an offense must be commenced within two years after it is committed.

. . . .

(c) Exceptions.—if the period prescribed . . . has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

See 42 Pa.C.S. § 5552, prior to 2008 amendment.

The gun was recovered on November 18th, 2006,[1] from Shaheed Muhammed, who was arrested after it was determined that he did not have a valid license to carry a firearm. On February 7th, 2007, the original statutory period expired.

On December 16th, 2008 an amendment to the Statute of Limitations was enacted, which stated in relevant part:

1. The correct date is November 19, 2006. See N.T. Preliminary Hearing, 3/27/10, at 28–29.

(b) Major Offenses.—A prosecution for any of the following offenses must be commenced within five years after it is committed:

(1) Under the following provisions of Title 18 (relating to crimes and offenses):

Section 6111(g)(2) and (4) (relating to sale or transfer of firearms).

(c) Exceptions.—if the period prescribed ... has expired, a prosecution may nevertheless be commenced for:

(4) An offense in violation of *18 Pa. C.S. § 6111(c) or (g)*, within one year of its discovery by State or local law enforcement, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years.

*42 Pa.C.S. § 5552.*

Sometime in the summer of 2009, Agent Maria Diblasi of the Attorney General's office began investigating the origins of the gun found on Mr. Muhammed. Agent Diblasi ran a check for ownership of the gun, and found that it was registered to Mr. Riding. On March 10th, 2010, Agent Diblasi met with Mr. Riding, and prepared the interview marked Exhibit C. Mr. Riding admitted to buying the gun for Pugh in exchange for $200 and a bundle of heroin.

Mr. Riding was arrested on March 18th, 2010, on charges of 18 Pa.C.S. §§ 903 (Conspiracy), 6111(g)(1) (Firearm Ownership), 6111(g)(4) (providing false information to obtain a firearm), 4911 (tampering with records), and 4904 (unsworn falsification).

The matter commenced before this Court on August 20th, 2010. After the Commonwealth withdrew the conspiracy charge, Mr. Robert Lynch, counsel for Mr. Riding, entered a Motion to Dismiss the § 6111(g)(4) charge, based on review of the Statute of Limitations. Mr. Lynch argued that, based on the original Statute of Limitations, the maximum possible date to prosecute, including any possible extension, was February 6th, 2010. The Commonwealth argued that the 2008 amendment to the Statute of Limitations applied in this case, which would have put the arrest within the statutory period. After hearing argument, this Court held that the original Statute of Limitations applied, and dismissed the 6111(g)(4) charge.

Pa.R.A.P. 1925(a) Opinion, 7/14/11, at 1–4 (internal citations omitted) (footnote omitted).

On May 24, 2012, a split panel of our Court affirmed the trial court's ruling that the relevant statute of limitations had expired. On August 1, 2012, that decision was withdrawn when this Court granted the Commonwealth's petition for re-argument *en banc.* Substituted briefs were filed and argument before this *en banc* panel was held on April 9, 2013 in Philadelphia. This matter is now ready for disposition.

The Commonwealth raises the following issue for this Court's consideration:

Did the lower court erroneously dismiss the *providing false information while purchasing a firearm* charge on statute of limitations grounds where the applicable statute of limitations had not expired at the time that the prosecution was commenced?

Commonwealth's Substituted Brief and Reproduced Record at 4.

■ A question regarding the application of the statute of limitations is a question of law. *See Commonwealth v. Russell,* 938 A.2d 1082, 1087 (Pa.Super.2007). "Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Common-*

*wealth v. Taylor,* 65 A.3d 462, 467 (Pa.Super.2013) [2013 PA Super 89 ].

Our Legislature has provided specific instruction on how to proceed in the circumstance presented here:

> Whenever a limitation or period of time, prescribed in any statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before a statute repealing such statute takes effect, and the same or any other limitation is prescribed in any other statute passed by the same General Assembly, the time which has already run shall be deemed part of the time prescribed as such limitation in such statute passed by the same General Assembly.

1 Pa.C.S. § 1975.

Section 1975 was interpreted by a panel of our Court in *Commonwealth v. Harvey,* 374 Pa.Super. 289, 542 A.2d 1027 (1988):

> [W]hen a new period of limitations is enacted, and the prior period of limitations has not yet expired, in the absence of language in the statute to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations.

*Harvey,* 542 A.2d at 1029–30.[2]

■ However, in those cases in which the prior statute of limitations has expired before the new statute of limitations becomes effective, "[c]ase law is clear that in those situations, the cause of action has expired, and the new statute of limitations cannot serve to revive it." *Id.* at 1030.

The relevant dates needed to analyze this issue are as follows: (1) on February 6, 2005, Riding purchased the gun and allegedly made a materially false statement; (2) on February 6, 2007, pursuant to the original Section 5552, the general two-year statute of limitations expired; (3) on November 19, 2007, the gun was recovered from Shaheed Muhammed; (4) on December 16, 2008, Section 5552 was amended, in relevant part extending the statute of limitations for violations of Section 6111(g)(4) to an initial period of five years and a possible maximum of 13 years; (5) on February 6, 2010, pursuant to original Section 5552(c), the five-year statute of limitations expired; (6) on March 10, 2010, Riding gave a statement to Special Agent DiBlasi regarding his purchase of the gun; and, (7) on March 18, 2010, Riding was arrested and charged with violating Section 6111(g)(4).

In dismissing the above charge against Riding, the trial court determined the initial statute of limitations had "functionally" expired before the amendment, and, therefore the newly extended limitation did not apply. The trial court stated:

> In the present case, the straw purchase was committed on February 7th, 2005.[3] The two-year statutory period ended on February 7th, 2007. While there is a theoretical extension to the Statute of Limitations, that extension only applies if a certain condition, discovery of fraud, is triggered. The fraud had not yet been discovered in December of 2008, when the new Statute of Limitations was enacted. The statutory period was thus functionally over when the new statute came into effect. Thus, construing the Statute of Limitations in favor of the

---

2. *See also, Commonwealth v. Johnson,* 520 Pa. 165, 553 A.2d 897 (1989); *Commonwealth v. Duffy,* 96 Pa. 506 (1880); *Commonwealth v. Morrow,* 452 Pa.Super. 403, 682 A.2d 347 (1996); and *Commonwealth v. Lavelle,* 382 Pa.Super. 356, 555 A.2d 218 (1989).

3. The correct date is February 6, 2005. *See* N.T. Preliminary Hearing, 3/27/10, at 29. *See also* ATF Form 4473.

defendant, this Court finds that the pre 2008 Statute of Limitations applies.

Pa.R.A.P. 1925(a) Opinion, 7/14/11, at 6–7 (footnote omitted).

"When interpreting a statute, our primary objective is to ascertain and effectuate the intention of the legislature giving full effect to each word of the statute if at all possible." *Harvey,* 542 A.2d at 1029.

Before we begin our analysis, we reiterate the relevant provisions of Section 5552 as it existed prior to the 2008 amendment.

(a) General Rule.—Except as otherwise provided ... a prosecution for an offense must be commenced within two years after it is committed.

.   .   .   .   .

(c) Exceptions.—if the period prescribed ... has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

42 Pa.C.S. § 5552(a), (c)(1), prior to 2008 amendment.

■ We conclude that by characterizing the exception as "theoretical," the trial court erred as a matter of law in reading the Subsection (c) exception separately from Subsection (a). Pursuant to Section 5552, the Subsection (c) exception applies in any prosecution in which a material element of the crime is fraud or breach of fiduciary obligation. Therefore, the application of the exception in this matter is neither theoretical nor is it triggered by the *discovery* of fraud, as found by the trial court.

A violation of Section 6111(g)(4) contains fraud as a material element.[4] Therefore, reading Subsections 5552(a) and (c) together, at the time Riding purchased the gun, on February 6, 2005, and allegedly made a materially false statement in doing so, the statute of limitations was five years. Under the facts of the case and the express language of Section 5552, as enacted at the time of purchase, the Commonwealth had until February 6, 2010, to discover and charge Riding with violating Section 6111(g)(4).

■ On December 16, 2008, the amendment to Section 5552 took effect and extended the statute of limitations for a violation of Section 6111 to a base term of five years, but in no event more than an additional eight years.[5] Because under the original [6] statute of limitations the Commonwealth had until February 6, 2010 to discover and prosecute Riding's alleged violation of Section 6111, the statute of limitations against Riding had not expired, functionally or otherwise, upon the December 16, 2008 date of enactment of the amendment. Therefore, the Commonwealth had a five-year base statute of limitations [7] with up to an additional eight years [8] to discover the fraud and charge

---

4. As will be more fully discussed later in this Opinion.

5. *See* 42 Pa.C.S. § 5552(b), (c)(4).

6. "Original" statute of limitations refers to that version of Section 5552 in effect on February 6, 2005, the date Riding purchased the

gun and prior to the 2008 amendment discussed herein.

7. Section 5522(b)(1).

8. Section 5522(c)(4).

Riding. Under the amended statute, the Commonwealth had a maximum statute of limitations of until February 6, 2018 to prosecute Riding.

A review of the record indicates on March 10, 2010, Riding gave a statement to Special Agent Maria DiBlasi that he purchased the gun on behalf of Pugh. The Commonwealth then had until March 10, 2011 to charge Riding. He was charged under Section 6111(g)(4) on March 18, 2010, well within the statute of limitations.

In light of the foregoing, we determine the trial court committed an error of law when it ruled the statute of limitations had expired.

■ Riding now raises the additional argument in his *en banc* brief that the Subsection (c)(1) fraud exception found in the original statute of limitations is not applicable because fraud is not an element of 6111(g)(4), and hence, the statute of limitations expired in February 2007, and the 2008 amendment does not apply.[9]

Therefore, to determine whether the exception applies, we must first decide whether fraud is a material element of providing false information.

In relevant part, Section 6111 states:

(4) Any person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:

    (i) makes any materially false oral statement;

    (ii) makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies; or

    (iii) willfully furnishes or exhibits any false identification intended or likely to deceive the seller, licensed dealer or licensed manufacturer.

18 Pa.C.S. § 6111(g)(4).

Riding argues that the definition of fraud is a "knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." *Commonwealth v. Adebaike*, 846 A.2d 759, 762 (Pa.Super.2004) (*quoting* Black's Law Dictionary), reversed on other grounds by *Commonwealth v. Adebaike*, 584 Pa. 536, 885 A.2d 982 (2005).[10] He claims making a materially false oral or written statement does not satisfy the definition of fraud without proof of a detriment. We disagree.

■ The Commonwealth has countered Riding's argument by noting two cases that address the issue of the fraud exception to the statute of limitations, *Commonwealth v. Hawkins*, 294 Pa.Super. 57, 439 A.2d 748, 751 (1982); and *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614, 618 (1981), which both define fraud as being "a false representation of a material matter made with knowledge of its falsity and with the intent to deceive." *Id.* This definition does not include the element of detriment.[11] In *Hawkins*, the underlying

---

**9.** The order granting *en banc* re-argument allowed the parties to file supplemental or substituted briefs. The parties have filed substituted briefs. As such, a party is allowed to raise any issue that could have been raised before the original panel. *See ABG Promotions v. Parkway Publishing, Inc.*, 834 A.2d 613, 615 n. 2 (Pa.Super.2003). Riding's argument raises an issue of law that could have been raised earlier. Therefore, we will address the argument.

**10.** Riding also cites *Fletcher–Harlee Corp. v. Szymanski*, 936 A.2d 87 (Pa.Super.2007) for this definition. This is a civil action involving piercing the corporate veil and has no direct relevance to the instant criminal prosecution.

**11.** We also note the Commonwealth Court has accepted this definition of fraud. *See*

crime was theft by unlawful taking and because there was no requirement to prove a false representation to convict on that charge, the fraud extension did not apply. In *Eackles*, the underlying crime was receiving stolen property. Again, there was no requirement to prove a false representation to prove the crime, so the exception was irrelevant. However, here, the crime specifically includes making a false representation. For purposes of this appeal, Riding admits there was a false statement knowingly made with the intent to deceive. Therefore the definition of fraud as relied upon in *Hawkins* and *Eackles* has been established.

 Further, even if we accept Riding's *Adebaike* definition,[12] we conclude there is evidence of fraud. While we agree there is no showing of detriment in a traditional pecuniary sense, that does not mean no harm has accrued. By knowingly providing false information on an official form regarding the purchase and registration of a firearm, the detriment is both the inducement of the gun dealer to improperly transfer a deadly weapon to a straw party and the frustration of the legitimate goal of the Commonwealth to regulate the transfer of deadly weapons. *See Commonwealth v. Baxter*, 956 A.2d 465, 471–72 (Pa.Super.2008) (citation omitted) ("[The] apparent purpose [of the Firearms Act] is to regulate the possession and distribution of firearms, which are highly dangerous and are frequently used in the commission of crimes.")

Applying either the *Hawkins/Eackles* or the *Adebaike* definitions, providing false information regarding the purchase and registration of a firearm includes a materi-

al element of fraud, which has been shown in the present matter. Therefore, the Commonwealth met its burden and the Section 5222(c)(1) exception is applicable.

Because the trial court committed an error of law in determining the statute of limitations on the alleged violation of Section 6111(g)(4) had expired, we are required to reverse the order dismissing the charge.

Order reversed. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

---

*Nanko v. Department of Education,* 663 A.2d 312 (Pa.Cmwlth.1995).

**12.** The question of fraud raised in *Adebaike* addressed an allegation of lying to the judge conducting a violation of probation hearing.

Specifically, the "fraud" was a statement by the defendant that he would not get into trouble in the future. This situation is facially distinguishable from the instant matter.