MANSFIELD, Justice
(concurring in part and dissenting in part).
I dissent in part. In my view, substantial evidence supports the district court’s finding that the tampering charge was timely.
The majority correctly assigns responsibility to the trial court to determine the prosecution’s time limit for prosecuting the case. See State v. Wilson, 573 N.W.2d 248, 254 (Iowa 1998). This determination is made by a preponderance of evidence, and we review it for correction of errors at law.
Iowa Code section 802.5 allows the State to commence prosecution “within one year after discovery of the offense by an aggrieved party.” Iowa Code § 802.5 (2011) (emphasis added). I agree that as of January 2012, when Crawford Shaw withdrew any claim for payment despite having submitted the winning ticket, the State was on inquiry notice of a fraudulent passing or redemption charge. See id. § 99G.36(1). However, as of January 2012, the State had no inkling of criminal tampering with lottery equipment. See id. § 99G.36(2). Such suspicion did not arise until October 2014.
At the dismissal hearing, the State showed that it tried to get in touch with Phillip Johnston in Canada after the payment claim had been withdrawn. The State presented evidence that it took “several months” to hear back from Canadian officials. After an additional “two months” of work to get to the correct Phillip Johnston, the State was then required by the United States Department of Justice to fill out an application. After “several weeks” of further work it was determined that the application could not .be completed. In the meantime, the State spoke to Johnston several times by phone, although these phone conversations proved unproductive. Ultimately, the State did visit with Johnston personally in Canada in August 2013 after he agreed to be interviewed, even *697 though the State had never completed the federally required application. This meeting produced for the first time information that the ticket had previously been in the hands of two individuals in Texas. In April 2014, Shaw confirmed this same information. A trip to Texas was then made in June 2014, and several days were spent unsuccessfully trying to talk to the two Texas individuals. Lacking any further leads, the State decided as a last recourse to post the video. It took some time to set up an appropriate vehicle for doing that, so the posting did not occur until October 2014. At that point, the defendant was identified.
On this record, a reasonable judicial factfinder could decide that charges were brought within a year after the offense should have been discovered by the State with reasonable diligence. See Iowa Code § 802.5. To put it another way, one could conclude there were no more than nine months of unjustifiable delay between January 2012 and October 2014.
It needs to be emphasized that Iowa Code section 802.5 also protects defendants by limiting any possible fraud extension to three years. See id.
For the reasons stated, I would affirm the district court’s finding that the State commenced prosecution of the tampering-charge “within one year .after discovery of the offense by an aggrieved party.” Id. In all other respects, I concur in the court’s well-reasoned opinion.