WIGGINS, Justice (dissenting).
I dissent.
Noel pled guilty to theft in violation of Iowa Code sections 714.1(3), 714.2(4), and 714.3 (2013). The Code provides,
A person commits theft when the person does any of the following:
....
3. Obtains the labor or services of another, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, by deception.
Id. § 714.1(3).
The applicable definition of "deception" under the Code consists of knowingly "[c]reating or confirming another's belief or impression as to the existence or nonexistence of a fact or condition which is false and which the actor does not believe to be true." Id . § 702.9(1). This definition makes fraud an element of theft by deception. See State v. Wilson , 573 N.W.2d 248, 252 (Iowa 1998). By pleading guilty, Noel acknowledged that at the time he submitted his claims with the Iowa State Public Defender, he knowingly committed fraud in violation of the law.
As I have previously said,
We, as a court and as the regulatory body for our profession, have an obligation to protect the public from dishonest attorneys. I echo the beginning of this dissent-dishonesty is a trait that disqualifies a person from the practice of law. A person who uses his law license to steal money or aids another to do so is per se unfit to practice law. Cases like this give the public the perception that a license to practice law is a license to steal.
Iowa Supreme Ct. Att'y Disciplinary Bd. v. Bieber , 824 N.W.2d 514, 534 (Iowa 2012) (Wiggins, J., dissenting).
For the reasons stated in my dissent in Bieber , I would revoke Noel's license to practice law. See id. at 530-34. A revocation allows him the opportunity to reapply for his license after at least five years under our recently amended Iowa Court Rule 34.25(7)-(9) (2018).