**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Rum Phi P. SEANG, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 2001.

Filed Dec. 27, 2001.

Reargument Denied Feb. 28, 2002.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before FORD ELLIOTT, EAKIN and ORIE MELVIN, JJ.

EAKIN, J.:

¶ 1 This is an appeal from the judgment of sentence entered following appellant's conviction for forgery, graded as a felony in the third degree. Appellant was sentenced to three years of reporting probation and twenty-five hours of community service. Appellant questions: "Was the evidence insufficient to support a conviction for forgery where there was no evidence that the writings presented by appellant purported to be the act of another who did not authorize them, and no evidence of intent to defraud or injure another?" Appellant's Brief, at 3. Upon review, we must conclude the evidence was insufficient to sustain appellant's conviction.

¶ 2 On April 8, 1999, at approximately 9:56 in the morning, Philadelphia Police Officer Robert Hilliard was traveling on Aramingo Avenue when he saw appellant's car stopped at the red light. Officer Hilliard noticed the car had no registration plate. After appellant made a left turn onto Caster Avenue, disregarding the red light, the officer pulled him over. Officer Hilliard asked for appellant's license and insurance card, but appellant did not produce either, although he was a licensed driver in the Commonwealth. Instead, he offered a card that read "Diplomat," stating he did not need a driver's license. He

also handed the officer a card that identified him as the "Press" with "All Access." Officer Hilliard suspected that the cards were not "real."

¶ 3 The Commonwealth moved the two cards into evidence. The front of the diplomat card was described as follows:

> Across the top of the card in large, bold letters is the word **DIPLOMAT**. There is an identification number, then **Exempt Driver. Embassy Card.** Underneath that heading the card reads, **Provident Embassy, Religious Mission.** It also says, **Constitutional Exemption, Article III Section 2 (jurisdiction). Article TV Section I State Faith & Credit. Sovereign MOOR NATL.**

N.T. 7/24/00, at 25–26.

¶ 4 Pre-printed on the back of the card was as follows:

> **In The United States Multi–District Litigation. To All Law Enforcement City—State—Federal Officers: This card gives the status of exemption from state jurisdiction, pursuant to Article 3 Section 2 U.S. constitution and all states to honor pursuant to Article 4 Section 1. Full faith & credit of all states.** To the right of this statement is **Minister, Exempt Natl.** Underneath is typed, **OFFICIAL CHURCH CITIZEN.**
>
> There is a seal, which is difficult to read because it is laminated.

N.T. 7/24/00, at 26–27.

¶ 5 The second card was described as follows:

> **1st Amendment—Freedom of the Press. Independent Associate.** Then, **PRESS.** The card gives an address of a P.O. Box in Philadelphia. Then typed, in quotations is, **ALL ACCESS.** Then the name, **Rum P. El, Ali,** with an expiration date of **JAN. 99,** to **DEC.2000.**

Also typed on the card is, **INVESTIGATION, "HUMAN RIGHTS".**

N.T. 7/24/00, at 27.

¶ 6 Pre-printed on the back of this card is:

> **This card gives the bearer the full rights and privileges as granted under the first amendment to the United States Constitution. Also under the Freedom of Information Act.** Typed in is, **Rum P. El, Ali. EXEMPT NO. FRN. AAA22141. MOORISH NATL.** There is a raised seal or two on the card. It is also laminated and difficult to read.

N.T., 7/24/00 at 28.

¶ 7 The Commonwealth proved the United States does not recognize the existence of any government known as the Provident Embassy of World Religions. It also proved there is not a vehicle registered with the State Department to Rum Phi Seang, nor is there a record on file with the Diplomatic Vehicle Office that he was issued diplomat license plates.

¶ 8 The trial court found appellant guilty of forgery, 18 Pa.C.S. § 4101, which is defined in pertinent part as follows:

> **(a) Offense defined.**—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> \* \* \*
>
> (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, . . .;
>
> (3) utters any writing which he know to be forged in a manner specified in [paragraph 2] of this subsection.

¶ 9 The Commonwealth was thus required to prove that: 1) there was a false

writing; 2) the instrument was apparently capable of deceiving and working an injury to another; and 3) appellant intended to defraud. *Commonwealth v. Fisher*, 452 Pa.Super. 564, 682 A.2d 811, 815 (1996), *appeal denied*, 546 Pa. 691, 687 A.2d 376 (1996); *Commonwealth v. Dietterick*, 429 Pa.Super. 180, 631 A.2d 1347, 1352 (1993), *appeal denied*, 538 Pa. 608, 645 A.2d 1312 (1994).

¶ 10 The trial court concluded appellant's act of presenting his "Diplomat" card was an utterance of a writing which purported to be the act of another who did not authorize that act, with intent to defraud. The court determined the "Diplomat" card, in conjunction with appellant's statements, created the fraudulent impression that Ministers of the Provident Embassy of World Religions enjoyed diplomatic immunity as conferred by the State Department upon the diplomatic missions of foreign sovereigns. The court reasoned that since Ministers of the Provident Embassy of World Religions do not enjoy diplomatic immunity, the presentation of the card and statement that he did not need a driver's license amounted to a fraudulent effort to avoid the Commonwealth's driver's licensing requirements and traffic laws. The "Press" card was not offered as a basis for the forgery conviction.

¶ 11 Appellant argues the Commonwealth failed to prove beyond a reasonable doubt the "Diplomat" card was a writing purporting to be the act of another, i.e., the State Department. Clearly the State Department did not authorize this card, but appellant asserts it was simply an identification card, self-generated by Provident World Religions, which was not possessed with intent to defraud.

¶ 12 There is little doubt appellant hoped Officer Hilliard would honor the "Diplomat" card, which indicated he had diplomatic immunity from the Commonwealth's traffic laws and licensing requirements. However, the card did not indicate it was issued by the Commonwealth, the State Department, the United States, or any other governmental agency. It did not carry any official governmental seal. It did not indicate it was issued by any foreign country. In fact, it was immediately apparent to Officer Hilliard the "Diplomat" card was not one issued by the State Department. Officer Hilliard stated, "I took a brief look at it and just knowing that this was fraudulent." N.T., 7/24/00, at 17.

¶ 13 Avoiding a ticket by using these cards was clearly appellant's goal, but a deceitful purpose is only one element of forgery. His means of avoiding the ticket was not by a writing purporting to be the act of one who did not authorize it. This writing purports to be the act of the mission, not the government or any other organization for that matter; this means it was not a forgery, whatever fraudulent use was made of it. Presenting a "Diplomat" card that purports to be issued by a recognized country or the State Department may be forgery; presenting a "Diplomat" card issued by a Mission does not, any more than would the presentation of an alumni card from Franklin and Marshall College ("The Diplomats"). This may have been a crime, but it was not the crime of forgery.

¶ 14 Accordingly, we must reverse appellant's judgment of sentence.

¶ 15 Judgment of sentence reversed.