J. A12033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
               v.             :
                                      :
WILLIAM EUGENE MITCHELL,      :       No. 1176 WDA 2018
                                      :
        Appellant     :

Appeal from the Judgment of Sentence Entered June 25, 2018,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002092-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 05, 2019**

William Eugene Mitchell appeals from the June 25, 2018 aggregate judgment of sentence of 8 to 16 years' imprisonment imposed after a jury found him guilty of rape – forcible compulsion, sexual assault, involuntary deviate sexual intercourse ("IDSI") – forcible compulsion, and aggravated indecent assault.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On August 26, 2016, appellant was

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, 3123(a)(1), and 3125(a)(1), respectively.

charged with rape and related offenses[2] in connection with his repeated sexual assault of a minor female, D.B. ("the victim"), between September 1, 1996 and August 4, 1999. At the time of these assaults, the victim was between 15 and 17 years old and living alone with appellant at his home due to her extremely calamitous home life. (Notes of testimony, 2/13/18 at 32-36, 39, 45-48.) During this time, appellant was between 51 and 54 years old and was the sole provider of food, clothing, shelter, and other necessities for the victim. (*Id.* at 50-54, 73-75.)

On January 13, 2017, appellant filed an **omnibus** pretrial motion, arguing that: (i) the charges were filed beyond the statute of limitations and in violation of the constitutional prohibition against **ex post facto** laws; and (ii) there was insufficient evidence as to the element of forcible compulsion to support the charges of rape and IDSI. (**See** "**Omnibus** Pre-Trial Motion for Writ of **Habeas Corpus**/Motion to Dismiss," 1/13/17 at §§ II-III, ¶¶ 7-14.) A hearing on appellant's motion was held on July 12, 2017. Thereafter, on September 11, 2017, the trial court entered an order granting, in part, and

---

[2] Specifically, appellant was charged with rape – forcible compulsion, in violation of 18 Pa.C.S.A. § 3121(a)(1); two counts of IDSI, in violation of 18 Pa.C.S.A. § 3123(a)(1) and (a)(7); sexual assault, in violation of 18 Pa.C.S.A. § 3124.1; two counts of aggravated indecent assault, in violation of 18 Pa.C.S.A. § 3125(1) and (8); endangering the welfare of children, in violation of 18 Pa.C.S.A. § 4304(a); indecent exposure, in violation of 18 Pa.C.S.A. § 3127(a); corruption of minors, in violation of 18 Pa.C.S.A. § 6301(a); and four counts of indecent assault, in violation of 18 Pa.C.S.A. § 3126(a)(1).

denying, in part, appellant's **omnibus** pretrial motion. Specifically, the trial court held as follows:

> The Commonwealth's prosecution of [appellant] for Rape, [IDSI], Sexual Assault and Aggravated Indecent Assault is not barred by the Statute of Limitations.
>
> . . . .
>
> The Commonwealth's prosecution of [appellant] for Endangering Welfare of Children, Indecent Exposure, Corruption of Minors and Indecent Assault is barred by the current Statute of Limitations . . . .
>
> . . . .
>
> The Commonwealth presented sufficient evidence regarding "forcible compulsion" to support the charges of Rape and [IDSI].

"Findings of Fact and Conclusions of Law," 9/11/17 at 3, 5, 6 (numeration and emphasis omitted); **see also** trial court order, 9/11/17 at ¶¶ 1-3.

On February 9, 2018, the Commonwealth filed a motion to amend the criminal information, which the trial court granted that same day. On February 12, 2018, the Commonwealth filed an amended information charging appellant with rape – forcible compulsion, sexual assault, and two counts each of IDSI and aggravated indecent assault. On February 13, 2018, appellant proceeded to a jury trial and was subsequently found guilty of one count each of rape – forcible compulsion, sexual assault, IDSI – forcible compulsion, and

aggravated indecent assault.[3]  As noted, on June 25, 2018, the trial court sentenced appellant to an aggregate term of 8 to 16 years' imprisonment.  On July 5, 2018, appellant filed a timely post-sentence motion to modify his sentence and for judgment of acquittal and/or a new trial challenging the weight and sufficiency of the evidence.  (*See* post-sentence motion, 7/5/18 at §§ I-II.)  The trial court denied appellant's post-sentence motion on July 23, 2018.  This timely appeal followed.[4]

Appellant raises the following issues for our review:

A.    Whether the trial court committed reversible error when it denied [appellant's] motion for a mistrial after the Commonwealth's main witness expressly referenced the accused's involvement in prior criminal activity during redirect examination[?]

B.    Whether sufficient evidence existed to find [appellant] guilty of rape and [IDSI] beyond a reasonable doubt where the element of forcible compulsion is absent[?]

C.    Whether the instant prosecution violated the constitutional prohibition against *ex post facto*

---

[3] The jury acquitted appellant of one count of aggravated indecent assault, in violation of Section 3125(a)(8) (Count 4), and the trial court entered a judgment of acquittal with respect to one count of IDSI, in violation of Section 3123(a)(7) (Count 2).

[4] On August 22, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days.  Appellant filed a timely Rule 1925(b) statement on September 12, 2018.  On October 1, 2018, the Honorable Stephanie Domitrovich filed a Rule 1925(a) opinion addressing appellant's issues related to the pre-trial matters over which she presided, and on October 4, 2018, the Honorable Daniel J. Brabender, Jr., filed a Rule 1925(a) opinion addressing appellant's remaining claims.

> laws when the 2002 amendment to 42 Pa.C.S.A. § 5552 created a new and separate category of "Major Sexual Offenses" under § 5552(b.1) that did not exist in 1999 while imposing a new limitations period of twelve (12) years[?]

Appellant's brief at 6-7 (extraneous capitalization omitted).

We begin by addressing appellant's claim that the trial court abused its discretion by denying his motion for a mistrial following the victim's reference during redirect examination to what appellant characterizes as "prior criminal activity prejudicing [his] right to receive a fair trial." (*Id.* at 18).

> It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa.Super. 2014) (citations omitted), *appeal denied*, 118 A.3d 1107 (Pa. 2015).

Our supreme court has repeatedly recognized that "when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence." *Commonwealth v. Hairston*, 84 A.3d 657, 666 (Pa. 2014) (citations omitted), *cert. denied*, 135

S.Ct. 164 (2014); *see also Commonwealth v. Sherwood*, 982 A.2d 483, 497-498 (Pa. 2009) (finding that cautionary instructions were sufficient to overcome the prejudicial effect of prior bad acts evidence), *cert. denied*, 559 U.S. 1111 (2010). Jurors are presumed to follow the trial court's instructions. *Commonwealth v. Elliott*, 80 A.3d 415, 445 (Pa. 2013), *cert. denied*, 135 S.Ct. 50 (2014).

Instantly, the victim testified as follows:

> Q.    All right. So, [appellant] doesn't live there, he's at Ernestine's [(appellant's mother)]?
>
> A.    Yeah.
>
> Q.    He comes back, though, to the house?
>
> A.    Yes.
>
> Q.    When?
>
> A.    It was sometime after -- I don't know what happened but I know that **we had to go bail him out of jail.** I know that he --

Notes of testimony, 2/13/18 at 173-174 (emphasis added).

Appellant's counsel immediately requested a sidebar and moved for a mistrial. (*Id.* at 174.) The trial court denied appellant's request and opted to give the following cautionary instruction to the jury:

> THE COURT:   Ladies and gentlemen, I'm cautioning you at this time and asking you to absolutely disregard that statement about bailing anybody out of jail. This is no part in this trial, whatsoever, and you absolutely must disregard that statement. That does not come into play [in] any way, shape, or form here. All right.

*Id.* at 176.

Upon review, we discern no abuse of discretion on the part of the trial court in denying appellant's motion for mistrial. The record reflects that the Commonwealth did not, in any way, solicit or exploit the victim's brief and spontaneous reference to the fact appellant was previously in jail in an unrelated matter. Rather, the Commonwealth's inquiry was merely to determine whether the victim was residing in appellant's home with her boyfriend after she turned 18 years old. Any potential prejudice that may have resulted from the victim's brief reference to the fact appellant was "bail[ed] out of jail" was cured by the trial court's cautionary instruction to the jury. (**See** notes of testimony, 2/13/18 at 173-174, 176.) Accordingly, appellant's first claim of trial court error fails.

Appellant next argues that there was insufficient evidence to sustain his conviction for rape and IDSI because "[t]he requisite element of forcible compulsion was not proven beyond a reasonable doubt[.]" (Appellant's brief at 25.)

Our standard of review in assessing a sufficiency of the evidence claim is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established

> beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. N.M.C.*, 172 A.3d 1146, 1149 (Pa.Super. 2017) (citations omitted).

Read in relevant part, Section 3121(a)(1) provides that, a person commits the offense of rape when he "engages in sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S.A. § 3121(a)(1). Likewise, a person commits the offense of IDSI when he "engages in deviate sexual intercourse with a complainant . . . [b]y forcible compulsion." 18 Pa.C.S.A. § 3123(a)(1). Forcible compulsion is defined as "not only physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will." *Commonwealth v. Rhodes*, 510 A.2d 1217, 1226 (Pa. 1986); *see also* 18 Pa.C.S.A. § 3101 (forcible compulsion is "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied.").

A determination of forcible compulsion rests on the totality of the circumstances, which includes consideration of, **inter alia**, the following factors:

> The respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 721 (Pa.Super. 2015), citing **Rhodes**, 510 A.2d at 1226, **appeal denied**, 125 A.3d 1198 (Pa. 2015). It is not necessary to show that the victim physically resisted the assault in order to prove forcible compulsion. **Id.**

Additionally, we note that "[t]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." **Commonwealth v. Castelhun**, 889 A.2d 1228, 1232 (Pa.Super. 2005) (citations omitted); **see also Commonwealth v. Davis**, 650 A.2d 452, 455 (Pa.Super. 1994) (holding that, the victim's uncorroborated testimony, if believed by the trier of fact, is sufficient to support the conviction even if the defense presents countervailing evidence), **affirmed**, 674 A.2d 214 (Pa. 1996).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was ample evidence to support the jury's determination that appellant was guilty of rape and IDSI by forcible

compulsion. We will not reiterate the extensive and graphic details of these sexual assaults as was testified to by the victim and summarized by the trial court. (*See* trial court opinion, 10/4/18 at 8-12.) Suffice it to say, the evidence overwhelmingly established that over the course of a nearly three-year period, appellant engaged in multiple acts of sexual intercourse with the juvenile victim through use of "emotional or psychological force." *See* 18 Pa.C.S.A. § 3101. The record reflects that at the time of these offenses, the victim was between the ages of 15 and 17 and appellant was between the ages of 51 and 54. (Notes of testimony, 2/13/18 at 45, 75.) During this time, the victim lived alone with appellant, who was in a position of "custodial control" over the victim and was her sole provider of food, clothing, school supplies, and other necessities. (*Id.* at 42-47, 53-54; *Gonzalez*, 109 A.3d at 721.) Additionally, the physical setting where the sexual assaults took place was in appellant's home, which the victim perceived to be her only housing option at the time due to her extremely dire home life and inability to afford alternative housing. (Notes of testimony, 2/13/18 at 31-36, 80, 104-106.) The record further reflects that the sexual assaults would occur when appellant was alone with the victim, and that appellant would force himself upon the victim, stating "he shouldn't be doing this" and "he would be in a lot of trouble," but that "there is something about [the victim] that he just has to do it." (*Id.* at 62-68.)

It is also apparent from the record that the victim was clearly under duress, as she testified that she was shocked and confused; could not understand why appellant was attracted to her; did not want to hurt his feelings because she did not love him in a sexual manner; and felt that she could not physically resist appellant and was more afraid of losing him as a father figure than submitting to him. (*Id.* at 74-76, 100.) The victim also testified that as the sexual abuse progressed, she started to become suicidal and apathetic about life and took multiple measures to stop appellant, including cessation of bathing in an effort to "just be gross to him." (*Id.* at 80, 87.) Based on the foregoing, we find that the Commonwealth presented sufficient evidence of the element of forcible compulsion to sustain appellant's convictions for rape and IDSI. *See Gonzalez*, 109 A.3d at 721.

In his final claim, appellant contends that his prosecution for rape, IDSI, and aggravated indecent assault were barred by the statute of limitations, thereby violating the constitutional prohibition against *ex post facto*[5] laws.

---

[5] "The *ex post facto* prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Commonwealth v. Rose*, 127 A.3d 794, 798 (Pa. 2015) (citations and internal quotation marks omitted), *cert. denied*, 136 S.Ct. 2379 (2016). The *ex post facto* clause of the Pennsylvania Constitution provides as follows: "No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." (Pa. Const. Art. 1, § 17.) The *ex post facto* clause of the United States Constitution, in turn, provides that, "No State shall . . . pass any Bill of Attainder, *ex post facto* Law, or Law impairing the Obligation of Contracts . . . ." (U.S. Const. Art. 1, § 10.)

(Appellant's brief at 32.) In support in this contention, appellant avers that the "[June 28,] 2002 amendment to 42 Pa.C.S.A. § 5552 created a new and separate category of 'Major Sexual Offenses' under § 5552(b.1) that did not exist in 1999 while imposing a new limitations period of twelve (12) years." (***Id.*** at 7, 34.)

"A question regarding the application of the statute of limitations is a question of law. Thus, our standard of review is de novo and scope of review is plenary." ***Commonwealth v. Succi***, 173 A.3d 269, 279 (Pa.Super. 2017) (citations and internal quotation marks omitted), ***appeal denied***, 188 A.3d 1121 (Pa. 2018).

Courts in this Commonwealth have long recognized that the extension of a statute of limitations cannot revive a cause of action where the statutory period has run, as this would violate the ***ex post facto*** clauses of the United States and Pennsylvania Constitutions. In ***Commonwealth v. Riding***, 68 A.3d 990 (Pa.Super. 2013), a panel of this court explained:

> Our Legislature has provided specific instruction on how to proceed in the circumstance presented here:
>
>> Whenever a limitation or period of time, prescribed in any statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before a statute repealing such statute takes effect, and the same or any other limitation is prescribed in any other statute passed by the same General Assembly, the time which has already run shall be deemed part of the time prescribed as such limitation in such

- 12 -

statute passed by the same General Assembly.

1 Pa.C.S.[A.] § 1975.

Section 1975 was interpreted by a panel of our Court in **Commonwealth v. Harvey**, [542 A.2d 1027 (Pa.Super. 1988)]:

> [W]hen a new period of limitations is enacted, and the prior period of limitations has not yet expired, in the absence of language in the statute to the contrary, the period of time accruing under the prior statute of limitations shall be applied to calculation of the new period of limitations.

[**Id.** at 1029–1030.]

> However, in those cases in which the prior statute of limitations has expired before the new statute of limitations becomes effective, "[c]ase law is clear that in those situations, the cause of action has expired, and the new statute of limitations cannot serve to revive it." **Id.** at 1030.

**Riding**, 68 A.3d at 994 (citation format amended; footnote omitted). Our supreme court has recognized that "[t]here is nothing 'retroactive' about the application of an extension of a statute of limitations, so long as the original statutory period has not yet expired." **Commonwealth v. Johnson**, 553 A.2d 897, 900 (Pa. 1989) (citations omitted).

Here, appellant was charged with rape – forcible compulsion, sexual assault, and two counts each of IDSI and aggravated indecent assault in connection with his repeated sexual assaults of the victim between September 1, 1996 and August 4, 1999. At this time, these offenses were

subject to a 5-year statute of limitations that expired 5 years after the victim's 18th birthday, or on August 5, 2004. (**See** 42 Pa.C.S.A. § 5552(c)(3), **effective** February 17, 1991.) On August 27, 2002, prior to the expiration of the statute of limitations – on August 5, 2004 – the Legislature amended Section 5552, making the aforementioned offenses subject to a 12-year statute of limitations that expired 12 years after the victim's 18th birthday, or on August 5, 2011. (**See** 42 Pa.C.S.A. § 5552(b.1), **effective** August 27, 2002.) Prior to the expiration of the amended statute of limitations on August 5, 2011, the Legislature once again amended Section 5552, which became effective January 28, 2007. Section 5552 now provides, in relevant part, as follows:

> (c) **Exceptions.--**If the period prescribed in subsection (a), (b) or (b.1) has expired, a prosecution may nevertheless be commenced for:
>
> . . . .
>
> (3) Any sexual offense committed against a minor who is less than 18 years of age any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age.

42 Pa.C.S.A. § 5552(c)(3).

Thus, pursuant to this amendment, the statute of limitations for the aforementioned offenses expires on August 5, 2031, the victim's 50th birthday.

Based on the foregoing, we agree with the trial court that appellant's prosecution for rape, IDSI, and aggravated indecent assault was not barred by the statute of limitations, as the statutory period for each offense had not expired prior to the Legislature's amendment thereto. As the trial court explained in its opinion:

> The timeline set forth above clearly demonstrates the current statute of limitations for the above-referenced offenses had not expired prior to the Pennsylvania Legislature's amendment to the statute of limitations in both the years of 2002 and 2007 respectively. Therefore, appellant was not "free from conviction" pursuant to the current statute of limitations, and the prosecution of these offenses does not violate either the *ex post facto* clause of the Pennsylvania Constitution or general principles of retroactivity.
>
> As stated above, when a new period of limitations is enacted, and a prior period of limitations has not yet expired, the period of time accruing under the prior statute of limitations shall be applied to the calculation of the new period of limitations. However, an extension of a statute of limitation[s] cannot revive a case in which the statutory period has expired.

Trial court opinion, 10/1/18 at 7-8 (citations and extraneous capitalization omitted).

Accordingly, appellant's prosecution for said offenses did not constitute a violation of the *ex post facto* clauses of the Unites States and Pennsylvania Constitutions, and his claim to the contrary merits no relief.

For all the foregoing reasons, we affirm appellant's June 25, 2018 judgment of sentence.

Judgment of sentence affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/5/2019