J-S52036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN CONTE | : | |
| | : | |
| Appellant | : | No. 954 EDA 2020 |

Appeal from the PCRA Order Entered March 6, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000403-2016

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY McCAFFERY, J.:

**FILED DECEMBER 07, 2020**

Because I conclude trial counsel was ineffective for failing to file a pretrial motion to quash the EWOC charge as time barred, I would reverse the order denying PCRA relief.  Accordingly, I respectfully dissent.

Prior to 2007, a prosecution for EWOC based upon sexual offenses committed against a minor had to be commenced within two years after the minor victim turned 18 years old.  ***See*** 42 Pa.C.S. § 5552(c)(3), 1990 Dec. 19, P.L. 1341, No. 208, § 1, effective in 60 days.  Section 5552(c)(3) was amended, effective January 29, 2007, to permit the commencement of a

_____

[*] Former Justice specially assigned to the Superior Court.

prosecution up to the date the minor victim reaches the age of 50.[1] **See** 2006, Nov. 29, P.L. 1581, No. 179, § 7, effective in 60 days [Jan. 29, 2007]. Although the amended statue was effective after Appellant committed the crime herein, "in the absence of language in the statute to the contrary," we calculate the limitations period under the amended statute when "the prior period of limitation has not yet expired[.]" **See Commonwealth v. Riding**, 68 A.3d 990, 994 (Pa. Super. 2013) (citation omitted). Moreover, pursuant to 42 Pa.C.S. § 5554(1), a limitations period is tolled "during any time when . . . the accused is continually absent from this Commonwealth or has no reasonably ascertainable place of abode . . . within this Commonwealth[.]" 42 Pa.C.S. § 5554(1).

Relying on the PCRA court's opinion, the Majority concludes Appellant's charge of EWOC was not time-barred. Majority Memorandum at 6-9. Rather, it determines the statute of limitations was tolled from 1997 or 1998 until 2007 — while Appellant lived in Florida — so that the limitations period did not expire before the January 2007 amendment was effective. **Id.** at 8-9. **See id.** at 10 ("[W]hen the victim turned eighteen years of age [on February 16,] 2004, . . . the statute of limitations had not yet run."). Thus, the Majority agrees with the PCRA court that the **amended** limitations period was applicable to Appellant, and the prosecution was properly commenced before

---

[1] The statute was again amended in 2019 to extend the limitations period until the minor victim reaches the age of 55. **See** 2019, Nov. 26, P.L. 641, No. 87, § 4, imd. effective.

the minor victim reached the age of 50. Accordingly, the Majority concludes trial counsel was not ineffective for failing to file a pretrial motion to quash the EWOC charge since such a claim would have been meritless. *Id.* at 9-10.

My disagreement with the Majority's decision focuses on the tolling statute. *See* 42 Pa.C.S. 5554(1). I conclude Appellant established he was not "continually absent from this Commonwealth" and had a "reasonably ascertainable place of abode . . . within this Commonwealth"[2] **before** the expiration of the two-year period after the victim reached the age of 18. Thus, in my view, the limitations period expired in 2006, and counsel was ineffective for failing to file a pretrial motion to quash the EWOC charge as time-barred.

As noted above, Section 5554 provides for the tolling of the limitations period when an accused is "continuously absent from this Commonwealth or has no reasonably ascertainable place of abode . . . within this Commonwealth[.]" 42 Pa.C.S. § 5554(1). It does not, however, define the terms "continuously absent" or "no reasonable ascertainable place of abode[.]" *See id.*

In *Commonwealth v. Stockard*, 413 A.2d 1088 (Pa. 1980), the Pennsylvania Supreme Court held a trial court did not err when it tolled the statute of limitations for the defendant's crime based on the testimony of a state investigator. The investigator explained that "after conducting a very thorough search" for the defendant, they determined the defendant "had no

---

[2] 42 Pa.C.S. § 5554(1).

legal residence or office to our knowledge in the state of Pennsylvania since 1974[,]" before the statute of limitations had expired. *Id.* at 1092 (internal punctuation omitted). The findings were corroborated by the defendant's testimony at a pretrial hearing. *Id.* at 1092 n.8 (defendant testified in January 1977 that he had been living in Ohio for past "two and a half years"). In *Commonwealth v. Lightman*, 489 A.2d 200 (Pa. Super. 1985), this Court held that a defendant's "fleeting contacts with the Commonwealth such as hospital visits, visits with unspecified relatives, or driving a company truck to unspecified locations in eastern Pennsylvania" were **not** sufficient to establish "a 'reasonably ascertainable' place of abode or work[ ]" for purposes of Section 5554. *Id.* at 203.

However, in *Commonwealth v. Turner*, 107 A.2d 136 (Pa. Super. 1954), a panel of this Court concluded a defendant, who lived in the state of Delaware during the relevant limitations period, but was continuously employed in Delaware County, Pennsylvania, was "'constructively at least within the grasp of process' of the Delaware County authorities during the limitation period[.]"[3] *Id.* at 138 (citation omitted). Therefore, the panel concluded the statute of limitations was not tolled. *Id.*

At the PCRA hearing in the present case, Appellant testified that although he moved to Florida in 1997 or 1998, he purchased a vacation home in Pennsylvania sometime in 2003 or 2004, and visited the home "[a]lmost

---

[3] The *Turner* panel also emphasized that the defendant was accused of defrauding the same company that employed him. *Turner*, 107 A.2d at 138.

every summer" between 2004 and 2006. N.T., 12/19/19, at 29-30. Moreover, trial counsel testified that the victim actually lived with Appellant in Florida for a period of time, and that Appellant "stayed in contact with [the victim's mother] because they had several children together who still resided in Pennsylvania with her." *Id.* at 14. Counsel explained:

> [Appellant's] whereabouts were certainly known. There was no mystery about where he was. [The victim and her mother] were aware of his location the entire time he was in Florida[.]

*Id.*

Based upon the testimony at the PCRA hearing, I conclude Appellant established he had a "reasonably ascertainable place of abode . . . within this Commonwealth" when he purchased his vacation home in 2003 or 2004. *See* 42 Pa.C.S. § 5554(1). In my view, his ownership of property in Pennsylvania, which he visited each summer, satisfies the requirements of the statute, and certainly constitutes more than the fleeting contacts described by this Court in *Lightman*.[4] Thus, I conclude the statute of limitations began to run again when Appellant purchased his vacation home in 2003 or 2004, and would have expired before the statute was amended effective January 2007. Accordingly, I would conclude the PCRA court erred in not finding trial counsel was

___

[4] The Commonwealth did not present any evidence or testimony at the hearing to dispute Appellant's assertion that he owned a vacation home in Pennsylvania prior to 2007. Although the Majority describes this fact as a "late revelation[,]" it bears emphasis that the Commonwealth did not request a continuance to investigate. *See* Majority's Memorandum at 9.

ineffective for failing to file a motion to quash the EWOC charge as time-barred.

For these reasons, I respectfully dissent.